[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Johanna Carnemolla and the defendant, Rocco Gerarde, were intermarried on June 29, 1946 at Hartford, Connecticut. The plaintiff has resided continuously in this jurisdiction for at least twelve months next preceding the date of the filing of this complaint. There are no minor children born to the plaintiff since the date of the marriage. Neither the plaintiff nor the defendant is receiving assistance from the State of Connecticut or any other agency. This court has jurisdiction over these parties and the marriage.
The court received exhibits and evidence and heard testimony from each of the parties herein. The court concludes from said evidence that this marriage has broken down irretrievably. These parties have been married for approximately 48 years. The net result of testimony of both of the parties is that this court is unable to find by a fair preponderance of the evidence that either party practiced or perpetrated upon the other mental or physical abuse that has substantially contributed to the breakdown of this very long term marriage other than in approximately equal shares. Accordingly, the court cannot attribute fault in any greater degree to one party over the other as a causal factor resulting in the irretrievable breakdown of this marriage. As a matter of fact the defendant husband does not wish to have the marriage dissolved.
The assets of the marriage as they have been laid before the court are the results of years of the accumulated efforts of both of the parties each contributing in their own way. The plaintiff is 66 years of age and the defendant is shortly to be 76 years of age. The defendant's health is relatively poor having suffered a cranial assault in the past and has left him somewhat disabled. Taking into account the statutory criteria which provide CT Page 3244 considerations for the court in arriving at distribution of the marital estate, the court concludes that the division of the estate of these folks ought be in somewhat equal shares. The court says somewhat, because unfortunately the defendant made an election in his sole discretion that has deprived the plaintiff of medical health benefits and she is 10 years younger than he is. This was done without her concurrence and has placed her in a position of financial disadvantage with relationship to his situation. Accordingly, the court awards to the plaintiff the remaining balance on the School Street mortgage. The court awards to each party to be their own, their respective retirement and social security benefits. The home at 26 Little City Road, Higganum, Connecticut is to be sold and each party in their election may continue to live in such premises until the sale occurs. Until said property is sold the defendant is to pay all the expenses of said property. Each party shall share equally in any tax liability or any other cost associated with the sale including the satisfaction of any liens that may exist against the property, and from any net proceeds of sale of said property the parties shall each receive a 50% share. With the exception of the School Street mortgage, and the matters aforesaid, the court orders that all remaining assets of the parties be divided equally between them. This order does not include the personal property that the court has been informed is no longer contested and that the parties have reached a mutually satisfactory distribution arrangement with respect to the personal property of the home. All of the rest of whatsoever, kind and wherever situated are subject to this equal distribution order. There are sufficient assets available to each of the parties and neither party is awarded attorneys fees.
It is so ordered and judgment may enter in accordance with the contents of this memorandum.
HIGGINS, J.